IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEWIS F. CARTER,**

       **Plaintiff,**

v.                                                         **Civil Action No. 3:19cv846**

**UNITED STATES OF AMERICA,**

       **Defendant.**

## MEMORANDUM OPINION

This matter comes before the court on three motions:

(1)    Defendant United States of America's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[1] and 12(b)(6)[2] (the "Motion to Dismiss"),[3] (ECF No. 3);

(2)    Plaintiff Lewis F. Carter's Motion to Remand (the "Motion to Remand"), (ECF No. 5); and,

(3)    Carter's Motion for Hearing (the "Motion for Hearing"), (ECF No. 9).

---

[1] Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[3] The United States included in the Motion to Dismiss a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (Mot. Dismiss Ex. 1, ECF No. 3-1.) The Roseboro Notice informed Carter that he had twenty-one (21) days to respond to the Motion to Dismiss, and that failure to respond could result in dismissal of his claims. Carter timely responded to the Motion to Dismiss.

Carter responded to the Motion to Dismiss, (ECF No. 6), and the United States replied, (ECF No. 7). The United States responded to the Motion to Remand, (ECF No. 7),[4] and Carter replied, (ECF No. 8). The United States also responded to the Motion for Hearing. (ECF No. 10.) Carter did not reply to the United States' response to the Motion for Hearing and the time to do so has expired.

These matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.[5] For the following reasons, the Court will grant the Motion to Dismiss and deny the Motion to Remand and the Motion for Hearing.

## I. Background

The instant lawsuit, the fourth before this Court involving Plaintiff Lewis Carter, arises from the United States' efforts to foreclose on certain real properties and to collect unpaid taxes. Carter continues to seek prevention of the foreclosure and sale of his real properties, which are

---

[4] The United States replied to Carter's response to the Motion to Dismiss and responded to the Motion to Remand in a single filing. (*See* ECF No. 7.)

[5] In the Motion for Hearing, Carter seeks a hearing

> in order to address in the court, on the record of the action, the essential elements of establishing the court's *subject-matter jurisdiction* that exists, and that can lawfully be *taken* over this State-law based civil action, **and** the *lack* of *subject matter jurisdiction* that was **never fully**-identified or lawfully *taken* over the previous action (litigation) between the two litigants in the federal district court.

(Mot. Hearing 1, ECF No. 9 (emphases in original).) Because the materials before the Court adequately present the facts and legal contentions, the Court need not hold a hearing to decide the instant motions. *See* Fed. R. Civ. P. 78 (stating that "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings"); E.D. Va. Loc. Civ. R. 7(J) (stating that "[i]n accordance with Fed[eral] R[ule of] Civ[il] P[rocedure] 78 the Court may rule upon motions without an oral hearing"). For this reason, the Court will deny the Motion for Hearing.

2

subject to a lien for unpaid taxes. This lawsuit follows a long history of Carter's multitudinous and meritless challenges to the United States' ability to collect his outstanding tax liabilities.

The United States filed two earlier actions against Carter arising out of the same unpaid taxes. As this Court previously explained, "[t]he first case sought, successfully, to reduce to judgment unpaid taxes, interest, and penalties." *United States v. Carter (Carter II)*, No. 3:16cv674, 2018 WL 4356773, at *1 (E.D. Va. Sept. 12, 2018) (describing *Carter I*). Specifically, on December 31, 2015, this Court granted summary judgment in favor of the United States to recover $309,718.95 in unpaid taxes plus statutory additions. *United States v. Carter (Carter I)*, No. 3:15cv161, 2015 WL 9593652, at *8 (E.D. Va. Dec. 31, 2015). The second case sought, also successfully, "to foreclose on certain properties to collect those judgments." *Carter II*, 2018 WL 4356773, at *1, *14. After allowing the foreclosure, the Court entered an Order of Sale authorizing the United States to sell Carter's properties located in Westmoreland County, Virginia to satisfy Carter's outstanding tax liabilities. *Carter II*, No. 3:16cv674, (ECF No. 100).

In addition to the two cases filed before this Court by the United States, Carter has initiated two cases against the United States. First, on December 26, 2018, Carter, proceeding *pro se*, filed an action in the Circuit Court for Westmoreland County (the "Westmoreland Circuit Court"), and the United States removed the case to this Court. *Carter v. United States of America (Carter III)*, No. 3:19cv164, (ECF No. 1-1). In that 2019 action, Carter originally brought suit against the lien that had been placed on his property, but the Court substituted the United States as the proper defendant. *See Carter III*, (Mar. 19, 2019 Order 3, ECF No. 4). In *Carter III*, Carter sought to enjoin the government from foreclosing on his property, to vacate the lien on his property, and to require the government to refile the lien according to "the legal

3

process mandated by the applicable, controlling Virginia statutes." *See Carter III*, (Not. Removal Ex. 1 "Complaint" 14, ECF No. 1-1 (emphasis omitted)). Similar to this proceeding, the United States filed a Motion to Dismiss and Carter filed a Motion to Remand. *Carter III*, (ECF Nos. 5, 7). The Court granted the United States' Motion to Dismiss and denied Carter's Motion to Remand. *Carter III*, (Oct. 11, 2019 Order 9, ECF No. 10).

In late 2019, Carter, proceeding *pro se,* filed this case, against the United States, again in the Westmoreland Circuit Court. (*See* Not. Removal Ex. 1 "Complaint" 1, ECF No. 1-1.) Nine days after receiving actual notice of the Complaint, the United States removed the case to this Court. (*See* Not. Removal 1, ECF No. 1.) In the instant matter, Carter states that he seeks "equitable relief from" the Westmoreland Circuit Court, in the form of a show cause hearing; to obtain "judicial review of the matter by the Virginia state courts;" an injunction or temporary restraining order "temporarily enjoining the . . . United States from selling or transferring" Carter's Virginia properties; a "declaration . . . that a sale of the Virginia property at this time is improper and in fact unlawful under Virginia law;" and, court costs. (Compl. 1–2, 9–10.)

Shortly after removal, the United States filed the Motion to Dismiss. (ECF No. 3.) In response, Carter filed the Motion to Remand, (ECF No. 5), and the Motion for Hearing, (ECF No. 9). The Court will first address Carter's Motion to Remand and then turn to the United States' Motion to Dismiss.

## **II. The Motion to Remand**

In the Motion to Remand, Carter generally asserts that the Court lacks subject matter jurisdiction over this action because he raises only state law claims. (*See, e.g.*, Mot. Remand 2.) Carter maintains that "this case does **NOT** involve the 'collection *of any revenue*,' it **only**

4

involves the *enforcement* of a federal court *judgment.* Tax '*revenue*' [sic] are **NOT** involved." (*Id.* 5 (emphases in original), ECF No. 5.)

The Court will deny the Motion to Remand. Carter's claim necessarily implicates the collection of federal taxes because granting the injunctive and declaratory relief he seeks would impede on the United States' ability to collect his unpaid taxes. However, even if the laws of Virginia gave rise to Carter's Complaint in the instant matter, the United States properly removed this matter under 28 U.S.C. § 1442(a)(1). Because Carter named the United States as the defendant in this action and the United States raises a federal defense in the Motion to Dismiss, the Court will deny the Motion to Remand.

### A. Standard of Review: Removal under 28 U.S.C. § 1442

Generally, a defendant may remove from state court any action that could originally have been filed in federal court. *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *2 (E.D. Va. May 9, 2011) (citing *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)); *see* 28 U.S.C. § 1441(a). Congress has also designated certain types of actions as removable, including suits against the United States. *See* 28 U.S.C. § 1442(a)(1). Title 28, Section 1442(a)(1) states that

> A civil action . . . that is commenced in a State court and that is against . . . any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) [t]he United States . . . .

28 U.S.C. § 1442(a)(1). When a defendant meets the prerequisites to removal under § 1442(a) the "right of removal is absolute." *C.f. Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)) (stating that "removal is absolute for conduct performed under color of federal office" when discussing removal under § 1442(a) for a federal official).

5

The Supreme Court of the United States has recognized that § 1442 "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant."[6] *Mesa v. California*, 489 U.S. 121, 136 (1989) (affirming the Court of Appeals' decision to issue a writ of mandamus requiring the lower court to remand two cases to the state court when finding that the assertion of a federal defense is required for § 1442 removal). Therefore, § 1442(a) "cannot independently support Art[icle] III 'arising under' jurisdiction." *Id.* If the defendant raises a federal *defense* in the Notice of Removal, however, the Court may properly exercise removal jurisdiction over an action under § 1442(a)(1).[7] *Jefferson Cty.*, 527 U.S. at 431; *Mesa*, 489 U.S. at 134, 136. The Supreme Court has recognized that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Mesa*, 489 U.S. at 133 (quoting

---

[6] The Supreme Court in *Manypenny* and *Mesa* discussed removal under § 1442 as it pertains to federal officials acting under color of state law. *See Mesa*, 489 U.S. at 123, 133–34; *Manypenny*, 451 U.S. at 234–35, 241–42. Also, in *Mesa*, the Supreme Court recognized that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Mesa*, 489 U.S. at 133.

In 1996, after the Supreme Court decided both *Manypenny* and *Mesa*, Congress amended § 1442(a)(1) to allow for removal of cases involving not only federal officers, but also the United States itself. *Compare* 28 U.S.C. § 1442(a)(1) (1995), *with* 28 U.S.C. § 1442(a)(1) (1996). Although the Supreme Court did not discuss removal of a case brought against the United States or the United States' assertion of sovereign immunity, based on the revised language of the statute, these cases are sufficiently analogous to lend support to the Court's conclusion that the United States properly removed this case under § 1442(a).

[7] Although a federal defense normally would preclude the Court's exercise of removal jurisdiction under the general removal statute, 28 U.S.C. § 1441, this federal defense allows the Court to exercise removal jurisdiction under § 1442(a). *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999) (stating that under § 1442(a) "suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law").

Similar to *Manypenny* and *Mesa*, the Supreme Court decided *Acker* prior to Congress amending § 1442 to allow for removal of cases brought against the United States. Like *Manypenny* and *Mesa*, based on the revised language of the statute, the legal principals announced in *Acker* lend support to the Court's conclusion that the United States properly removed this case to this Court.

*Willingham*, 395 U.S. at 406–07). When a plaintiff challenges a lien to enforce a tax judgment, the United States may properly remove an action to federal court under § 1442(a)(1). *See Cromar v. United States*, No. 19-4129, 2020 WL 2394010, at *2–*3 (10th Cir. May 12, 2020) (unpublished).

Removal under § 1442(a) "must be 'liberally construed.'" *Mayor & City Council of Balt. v. BP P.L.C.*, 952 F.3d 452, 461 (4th Cir. 2020) (quoting *Watson v. Philip Morris Co.*, 551 U.S. 142, 150 (2007)). "As such, the ordinary 'presumption against removal' does not apply." *Id.* (quoting *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018)).

### B. Analysis: Because Carter Brings Suit Against the United States and the United States Raises a Federal Defense, the United States Properly Removed this Matter

In the Motion to Remand, Carter asserts that because his Complaint asserts only violations of Virginia state law, the Court must remand this matter to the Westmoreland Circuit Court. (*See generally* Mot. Remand.) However, because Carter names the United States as the defendant in this matter and the United States raises a federal defense, the United States properly removed this action under § 1442(a)(1).

As long as a defendant satisfies the prerequisites of § 1442, removal under § 1442 is "absolute." *See Manypenny*, 451 U.S. at 242. To remove an action under § 1442, the defendant must assert a federal defense. *See Jefferson Cty.*, 527 U.S. at 431; *Mesa*, 489 U.S. at 134, 136. The defense of sovereign immunity satisfies this prerequisite. *C.f. Mesa*, 489 U.S. at 133. Similarly, the United States may remove an action under § 1442(a) when the plaintiff challenges a federal tax lien. *See Cromar*, 2020 WL 2394010, at *2–*3.

The United States cites 28 U.S.C. § 1442(a) as its basis for removing this action from the Westmoreland Circuit Court. (Not. Removal 1.) In the Motion to Dismiss, the United States

7

raises three federal defenses: (1) the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a); (2) the Tax Exception to the Declaratory Judgment Act, 28 U.S.C. § 2201; and, (3) sovereign immunity. (*See* Mem. Supp. Mot. Dismiss 1, 3, ECF No. 4.) Carter also challenges the lien against his Virginia properties that arose when this Court allowed the United States to sell those properties to satisfy Carter's unpaid federal taxes. *Carter II*, No. 3:16cv674, (ECF No. 100). Because Carter named the United States as the Defendant in this matter, the United States has raised three federal defenses in the Motion to Dismiss, and Carter challenges a federal tax lien, the Court can exercise removal jurisdiction over this matter under § 1442(a)(1). *See Jefferson Cty.*, 527 U.S. at 431; *Mesa*, 489 U.S. at 134, 136; *Cromar*, 2020 WL 2394010, at *2–*3. For this reason, the Court will deny the Motion to Remand. The Court now turns to the Motion to Dismiss.

### III. Motion to Dismiss

Although the Court may exercise removal jurisdiction over this matter under § 1442(a)(1), it will dismiss this action as barred by the Tax Anti-Injunction Act, the Tax Exception to the Declaratory Judgment Act, and sovereign immunity. Alternatively, *res judicata* likely bars this action.

In his Complaint, Carter generally challenges the United States' ability to enforce the lien on his Virginia properties, asserting that the United States has failed to follow the process to enforce a lien under Virginia state law. Carter requests four forms of relief in the Complaint:

> (a) The issuance by the Virginia courts of a *Show Cause Order*[] ordering the . . . United States to appear in the Virginia court and *show cause* why a preliminary injunction or restraining order should not issue from this court at this time, enjoining the federal defendant from further pursuing any improper quasi-legal *process* or *judgment enforcement* on its own, or undertaking any action regarding [Carter's] property in . . . Virginia, absent the issuance of a Virginia state court *Order* authorizing it to act; [] (b) [i]f the . . . United States fails to appear in the Virginia state court, or fails to properly demonstrate or factually *show cause* after making its appearance; to then **issue** a temporary restraining *Order* or preliminary injunction under Virginia state law, temporarily enjoining the . . . United States

> ... from selling or transferring ... the private property and home of [Carter] ... under any *Order of the* [federal] *court* to sell, or foreclose upon, [Carter's] home and property in ... Virginia; (c) [a] declaration by the court that a sale of the Virginia property at this time is improper and in fact unlawful under Virginia state law for lack of any legal notice of a *claim* that was properly filed in the Commonwealth of Virginia, and lack of any hearing that was held under the *due process* provisions of the controlling laws; (d) [c]osts of this suit[.]

(Compl. 9–10 (emphases in original).)[8] Based on the arguments raised and the relief requested in his Complaint, the United States properly characterizes Carter's Complaint—even read liberally—as a "collateral attack to challenge a judgment and order of sale entered in favor of the United States," (Not. Removal 1), which this Court entered when it allowed the United States to foreclose and sell Carter's properties to satisfy his tax debts, *see Carter II*, No. 3:16cv674 (ECF No. 100).

Similar to its Motion to Dismiss in *Carter III*, in the instant Motion to Dismiss, the United States asserts that the Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1), over Carter's requested injunctive and declaratory relief. Alternatively, the United States contends that even if the Court had subject matter jurisdiction, Carter would not state a claim, pursuant to Rule 12(b)(6), because *res judicata* ("claim preclusion") bars the instant action. Because this Court lacks subject matter jurisdiction to grant Carter's requested injunctive and declaratory relief, it will grant the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). But even if the Court had jurisdiction, *res judicata* would likely bar Carter's improper

---

[8] District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id.* (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

9

attack on this Court's prior rulings, so the Court would likely also grant the Motion to Dismiss under Rule 12(b)(6).

### A. The Court Will Grant the Motion to Dismiss Under Rule 12(b)(1)

The Tax Anti-Injunction Act, the Tax Exception to the Declaratory Judgment Act, and sovereign immunity bar Carter's claims.

#### 1. Standard of Review: Rule 12(b)(1)

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Carter has not met his burden to show that the Court may exercise subject matter jurisdiction over this suit.

#### 2. The Tax Anti-Injunction Act Bars Carter's Request for Injunctive Relief

The Tax Anti-Injunction Act provides that absent certain inapplicable exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 8 (1962) (citing *Snyder v. Marks*, 109 U.S. 189, 194 (1883)). An exception to this rule exists "if it is clear that under no circumstances could the Government ultimately prevail," then "the attempted collection may be enjoined if equity jurisdiction otherwise exists." *Id.* at 7. "Only if it is . . . apparent that, under the most liberal view of the law and the facts, the United States cannot

establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." *Id.*

The Court previously found that "[t]he United States presents competent evidence that, in accordance with 26 U.S.C. § 6203, Wally Stark, a delegate of the Secretary of the Treasury of the United States, made assessments against Carter demonstrating unpaid income tax liabilities," and entered judgment in favor of the United States in the amount of $309,718.95. *Carter I*, 2015 WL 9593652, at *7. The United States prevailed three times against Carter and obtained judgments from this Court allowing it to collect Carter's unpaid taxes, *see id.*, and to sell Carter's Virginia properties to satisfy this tax liability, *Carter II*, No. 3:16cv674 (ECF No. 100); *Carter III*, (ECF No. 10) (denying Carter's Motion to Remand and granting the United States' Motion to Dismiss in comparable circumstances). The United States has "establish[ed] its claim" repeatedly. *See Enochs*, 370 U.S. at 7. Given this litigative history, this Court could *never* find that "no circumstances" exist under which "the Government [could] ultimately prevail." *See id.* Because the injunction that Carter requests also does not fit within any of the statutes listed in the Tax Anti-Injunction Act and the exception does not apply, the Tax Anti-Injunction Act bars Carter's requested injunctive relief. 26 U.S.C. § 7421(a); *see Enochs*, 370 U.S. at 7–8.

### 3. The Tax Exception to the Declaratory Judgment Act Bars Carter's Requested Declaratory Relief

To the extent that Carter seeks declaratory relief when he asks the Court to declare "that a sale of the Virginia property at this time is improper and in fact unlawful under Virginia state law," (Compl. 10), the Tax Exception to the Declaratory Judgment Act prohibits Carter's request. In creating the declaratory judgment, Congress mandated that the new cause of action did not apply to federal taxes absent one inapplicable exception. 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions

11

brought under section 7428 of the Internal Revenue Code of 1986[9] . . . any court of the United States . . . may declare the rights . . . of any interested party."). Carter's case does not involve § 7428 of the IRS Code. To the extent Carter seeks declaratory relief, such relief relates to the collection of federal taxes, meaning that the Declaratory Judgment Act bars such relief. *See id.*

### 4. Sovereign Immunity Further Bars Carter's Claims

Carter named the United States as the Defendant in his Complaint before the Westmoreland Circuit Court. (Compl. 1.) "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks omitted) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)) (applying sovereign immunity in the tax context). Further, "waivers of sovereign immunity by Congress 'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). The Supreme Court has recognized that "one of the most important reasons for removal [under § 1442(a)] is to have the validity of the defense of official immunity tried in a federal court." *Mesa*, 489 U.S. at 133 (quoting *Willingham*, 395 U.S. at 406–07).

Although Carter's most recent Complaint seeks several forms of relief, he fails to identify a statutory—or any—basis by which the United States has waived its sovereign immunity. Rather, he seeks injunctive and declaratory relief, remedies the Tax Anti-Injunction Act and the

---

[9] Section 7428 allows a party to seek a declaratory judgment regarding its status as a tax exempt entity, such as an organization under 26 U.S.C. § 501(c)(3). *See* 26 U.S.C. § 7428(a). Such tax exempt status does not apply to the facts of this case.

Declaratory Judgment Act preclude. For this reason, the Court lacks subject matter jurisdiction over the instant Complaint.[10]

### B. Even if the Court Had Jurisdiction, *Res Judicata* Would Likely Bar Carter's Request for Equitable Relief

Carter also requests that the Court hold a "show cause hearing" and grant him "costs of this suit." (Compl. 9–10) Even if the Court exercised jurisdiction over this claim, based on the Court's prior holdings in *Carter I*, *Carter II*, and *Carter III*, *res judicata* would likely bar Carter's requested relief. Carter therefore fails to state a claim upon which relief can be granted and the Court would likely grant the Motion to Dismiss on the Rule 12(b)(6) ground, as well.

#### 1. Standard of Review: Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual

---

[10] Carter asserts that if the Court cannot exercise subject matter jurisdiction over this matter, the Court must remand it to the Westmoreland Circuit Court. However, once the elements of § 1442(a) have been met, the right to removal is "absolute." *See Manypenny*, 451 U.S. at 242. Here, Carter named the United States as the sole defendant and the United States raised a federal defense in the Motion to Dismiss, rendering removal unquestionably proper under § 1442.

Whether a defendant has properly removed a case to federal court does not, however, resolve whether the court may exercise subject matter jurisdiction over that matter. *See Banks v. Va. Elec. & Power Co.*, 205 F.3d 1332, at *2 (4th Cir. 2000) (unpublished). The United States Court of Appeals for the Fourth Circuit has concluded that to hold otherwise would be "untenable" because it would preclude the defendant "from raising a subject matter jurisdiction defense, which can be raised at any time." *Id.* (citation omitted).

Neither this Court nor the Westmoreland Circuit Court could exercise subject matter jurisdiction over this matter based on sovereign immunity, the Tax Anti-Injunction Act, and the Tax Exception to the Declaratory Judgment Act. Therefore, the Court will dismiss this action rather than remanding it to the Westmoreland Circuit Court. *See id.*

information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555.

2. **_Res Judicata_ Would Likely Bar Carter's Requests for Equitable Relief**

The United States asserts that, were the Court to look to the merits of Carter's claims, this case presents "nothing more than another attempt to challenge the adverse judgment entered against him." (Mem. Supp. Mot. Dismiss 5.) Further, the United States claims that "[t]his is exactly the type of challenge that the doctrine of *res judicata* prohibits." (*Id.* 6 (emphasis added).) Indeed it would seem that Carter's Complaint constitutes yet another collateral attack to overturn the order of sale.

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)). *Res judicata* bars claims and defenses that were actually raised and fully litigated, as well as those that could have been raised in the prior suit, "regardless of whether they were asserted or determined in the prior proceeding." *Meekins*, 946 F.2d at 1057 (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distribs., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)) (internal quotation marks omitted). A party seeking to establish that *res judicata* bars an opposing party's claim must establish three elements: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and[,] (3) an identity of parties or their

14

privies in the two suits." *Pueschel*, 369 F.3d at 354–55 (*citing Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

Carter's current suit seemingly would meet each of the *res judicata* elements, meaning the judgment in the prior three actions would bar litigation of the claim Carter raises here. First, this Court has *thrice* entered final judgments on the merits of this litigation. Specifically, the Court granted summary judgment to the United States and found that it was "entitled to a judgment against Carter for his unpaid federal tax debt in the amount of $309,718.95, plus statutory additions accruing thereafter until paid." *Carter I*, 2015 WL 9593652, at *8. In a subsequent case, the Court granted summary judgment in favor of the United States and allowed it to foreclose on and to sell Carter's properties to satisfy Carter's tax liabilities. *Carter II*, 2018 WL 4356773, at *14; *Carter II*, No. 3:16cv674 (ECF No. 100). In a third case, the Court dismissed with prejudice a strikingly similar Carter Complaint also filed before the Westmoreland Circuit Court, which was properly removed to this Court by the United States. *Carter III*, No. 3:19cv164 (ECF No. 10). Therefore, "a final judgment on the merits in a prior suit [likely] exists." *See Pueschel*, 369 F.3d at 354 (internal citations and quotation marks omitted).

Second, Carter earlier sought comparable equitable relief before this Court, *see Carter III*, No. 3:19cv164 (ECF No. 1-1), and the facts of this case arise out of the same facts as the three cases previously litigated before this Court. Specifically, in asking the Court to declare that the sale of his property is "unlawful," Carter asks the Court to preclude the United States from recovering the tax liabilities to which two of this Court's prior orders entitle it to collect. (*See* Compl. 22.) For this reason, "an identity of the cause of action in both the earlier and the later suit" likely exists. *Pueschel*, 369 F.3d at 354–55.

Finally, the United States and Carter served as the plaintiff and the defendant, respectively, in the first two of the prior suits before this Court. In *Carter III*, as here, the United States acted as defendant and Carter proceeded as plaintiff. For this reason "an identity of parties . . . in . . . suits"—also seemingly exists. *See id.* at 355.

Therefore, even if the Court had jurisdiction over this latest litigation, *res judicata* would likely bar Carter's requested relief. Although the Court lacks subject matter jurisdiction over this matter, the Court could likely also grant the Motion to Dismiss on the Rule 12(b)(6) ground.

### IV. Conclusion

For the foregoing reasons, the Court grants the United States' Motion to Dismiss, (ECF No. 3); denies Carter's Motion to Remand, (ECF No. 5); and denies Carter's Motion for Hearing, (ECF No. 9). The Court dismisses without prejudice Carter's Complaint. (ECF No. 1-1.)

The Court hereby admonishes and warns Carter that any further presentation of arguments already rejected by this Court in *Carter I*, *Carter II*, or *Carter III* risks dismissal or sanctions as frivolous or vexatious.

Let the Clerk send a copy of this Order and the accompanying Memorandum Opinion to all counsel of record and to Lewis F. Carter at his address of record.

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/9/2020
Richmond, Virginia